# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| **PAULA ZELESNIK,** | ) | **CASE NO. 1:18CV2188** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **MAGNIFICAT HS, et al.,** | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| **Defendants.** | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on the Complaint of *pro se* Plaintiff Paula Zelesnik[1]

against defendants Magnificat HS, Cleveland Clinic, Beachcliff, Luthern 3B, Rocky River City

Hall, Rocky River Schools, Rocky River Library, City of Cleveland, Continental Federal

Savings, GE Capital, Bruce Fauret and Sandra Baldwin (collectively, Defendants) (ECF DKT

#1).  Also before the Court is Plaintiff's Motion to Proceed *In Forma Pauperis* (ECF DKT #2),

which is granted.  For the reasons that follow, this case is dismissed.

## I.  BACKGROUND

Plaintiff's Complaint, in its entirety, consists of a list of Defendants and their addresses

and telephone numbers, and what appears to be a prayer for relief of $100,000,000,000.00 (ECF

DKT #1).  The Complaint contains no factual allegations and identifies no causes of action.

---

[1] The civil cover sheet filed with this case indicates that Judith Radkowski is also a plaintiff in this action,
however, only Zelesnik's name appears on the Complaint and she is the only signatory to the Complaint.  Even were
Judith Radkowski named on the Complaint and a signatory thereto, the Court's analysis would be the same.

## II.  DISCUSSION

### A.  Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982), federal district courts are expressly required by 28 U.S.C. § 1915(e)(2)(B) to screen all *in forma pauperis* actions and to dismiss before service any such action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  The standard for dismissal articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) with respect to Fed. R. Civ. P. 12(b)(6) also governs dismissal under § 1915(e)(2)(B).  *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).  Therefore, in order to survive scrutiny under § 1915(e)(2)(B), a *pro se* complaint "'must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.'"  *Id*. (quoting *Iqbal*, 556 U.S. at 678).

### B.  Analysis

It appears from the civil cover sheet that Plaintiff may be attempting to bring a claim for medical malpractice, among other claims (ECF DKT #1-1).  The civil cover sheet identifies the cause of action as the "murder of Diana Radkowski + her father by Cleveland and Cleveland Clinic, Ohio 44199" (*id*.).  The Complaint, however, is devoid of any factual allegations.

In order to state a plausible claim for relief, Plaintiff must satisfy the basic federal pleading requirements set forth in Fed. R. Civ. P. 8(a)(2), and the Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  "A pair of Supreme Court decisions . . . confirms that [Rule 8] imposes legal *and* factual demands on the authors of complaints."  *16630 Southfield Ltd. P'ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502,

503 (6th Cir. 2013) (emphasis in original) (citing *Twombly* and *Iqbal*). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 557).

Plaintiff's Complaint does not contain any direct or inferential allegations that would support a claim for relief against Defendants under some viable legal theory. *See Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434, 437 (6th Cir. 1988). The Court is not required to conjure unpleaded facts or construct claims against Defendants on behalf of Plaintiff. *See Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (citation omitted); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277-78 (4th Cir. 1985). Even liberally construed, Plaintiff does not allege facts that give Defendants "fair notice" of the grounds upon which Plaintiff seeks relief. *See Twombly*, 550 U.S. at 545. Accordingly, Plaintiff's Complaint fails to state a claim upon which relief can be granted, and is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### III.  CONCLUSION

For all of the foregoing reasons, this case is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and closed. Plaintiff's Motion to Proceed *In Forma Pauperis* is granted (ECF DKT #2). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision may not be taken in good faith.

**IT IS SO ORDERED.**

**s/ Christopher A. Boyko**
**CHRISTOPHER A. BOYKO**
**United States District Judge**

**Dated:  October 1, 2018**